UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

        Plaintiff,

  v.                                  Case No. 07-C-1028

WASHINGTON MUTUAL, F.A., et al.,

        Defendant.

**ORDER**

Plaintiff Peter M. Bernegger filed this pro se lawsuit against several financial institutions and their attorneys asserting claims for fraud, misrepresentation, defamation, unjust enrichment, deprivation of constitutional rights and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The court's jurisdiction rests on 28 U.S.C. §§ 1331, 1343 and 1367. The case is presently before the court on a motion to dismiss filed by Defendant and Attorney Valerie L. Bailey-Rihn on behalf of herself and her client, Defendant BancorpSouth Bank (hereinafter "BankcorpSouth"), whom Bailey-Rihn represented in previous proceedings involving Bernegger. Bailey-Rihn and BankcorpSouth claim that Bernegger has failed to plead his allegations of fraud with the particularity required by Fed. R. Civ. P. 9(b) and failed to state a claim for which relief may be granted under Rule 12(b)(6). In response, Bernegger argues that Bailey-Rihn and BancorpSouth cannot maintain a motion to dismiss at this time because the parties have yet to be served pursuant to Fed. R. Civ. P. 4(m). For the reasons stated herein, the motion to dismiss will be granted in part, and denied in part. The relevant facts as alleged in the amended complaint are set forth below.

**BACKGROUND**

Defendant Washington Mutual F.A. ("WaMu"), through its attorneys, Defendant Gray & Associates, L.L.P. ("Gray & Associates"), brought a foreclosure action against Bernegger's personal residence in 2006. (Amend. Compl. ¶ 5.) BancorpSouth was also listed as a defendant in the foreclosure action because it held a subordinate lien on the property. (Br. Supp. Mot. Dismiss 1.) At a sheriff's sale held November 28, 2006, WaMu purchased the property for $313,510.34. (Amend. Compl. ¶ 6.) Bernegger claims that BancorpSouth and Bailey-Rihn, along with the other defendants, conspired to limit the number of bidders at this sale. (*Id.* ¶ 44.) On June 19th, 2007, WaMu, through Gray & Associates, filed an application for a confirmation of sale, along with supporting paperwork which Bernegger alleges was incomplete, inaccurate, and legally insufficient to support a confirmation of sale. (Amend. Compl. ¶¶ 10, 13, 16, 17.)

Bernegger claims that WaMu and Gray & Associates initiated further court proceedings in August 2007, in which they misrepresented the value of the property as only $195,234.70, even though a market valuation report paid for by WaMu valued it at between $675,000 and $700,000. (*Id.* ¶ 16.) He alleges that BancorpSouth and Bailey-Rihn conspired with WaMu, Gray & Associates, and the other defendants to ultimately deprive him of this property without just compensation in violation of the Fifth Amendment. (Amend. Compl. ¶ 55.)

After the sheriff's sale of his residence, Bernegger filed for Chapter 13 bankruptcy. (*Id.*) In an adversary proceeding, Bailey-Rihn, again acting on behalf of her client BancorpSouth, sought a determination that the debt owed on collateral formerly owned by Bernegger's business, We Gel LLC, was not dischargable in Bernegger's bankruptcy because Bernegger had sold it without remitting the funds. (Br. Supp. Mot. Dismiss 2.) Bernegger claims that BancorpSouth and

Bailey-Rihn defamed him publically by filing documents with the court which falsely accused him of disposing of the asset. (*Id.* ¶ 52.) He also alleges that BancorpSouth and Bailey-Rihn negligently misrepresented the value of the asset to the court. (*Id.* ¶ 30.)

In addition, Bernegger claims that BancorpSouth and Bailey-Rihn violated the FDCPA by falsely representing the character, amount, or legal status of his debt (Amend. Compl. ¶ 61), using deceptive means to attempt to collect debt or obtain information (*Id.* ¶ 62), and contacting him directly and through unauthorized parties, despite knowledge that he was represented by counsel. (*Id.* ¶ 57.)

## ANALYSIS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), a court views all of the facts alleged in the complaint, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

As an initial matter, I note that despite Bernegger's arguments to the contrary (Br. Opp. Mot. Dismiss ¶¶ 1-5), nothing in the Federal Rules of Civil Procedure requires a defendant to wait until service has been completed to file a motion to dismiss challenging the sufficiency of the complaint.[1] It would serve no purpose for a plaintiff to complete service upon an unserved defendant, solely to

---

[1] Bernegger claims neither of the movants have been served in this case. (Notice of Opp. ¶ 1.) In a letter to the court dated February 14, 2008, Bailey-Rihn indicates that she was served with a copy of the summons and complaint shortly before the instant motion to dismiss was filed. The parties agree that BancorpSouth has not been served.

3

allow dismissal with prejudice for failure to state a claim. *Mitchell v. Fairman*, 1996 WL 420294, *6, n.2 (N.D. Ill. 1996). "Given that a court can *sua sponte* dismiss a case for failure to state a claim, *Apostol v. Landau*, 957 F.2d 339, 343 (7th Cir. 1992), [the plaintiff's] argument is even less compelling." *Wiemerslage Through Wiemerslage v. Maine Tp. High School Dist. 207*, 29 F.3d 1149, 1151 (7th Cir. 1994). I will therefore address the instant motion on its merits.

**I. Misrepresentation and Defamation (Counts One, Two, Three, Five and Seven)**

The movants contend that Bernegger's claims for fraudulent misrepresentation, negligent misrepresentation, intentional deception, and defamation (counts one, two, three, five and seven of the amended complaint) should be dismissed, because judicial proceedings are protected by absolute privilege. (Br. Supp. 3.) I agree.[2] Bernegger alleges that the defendants made intentional and negligent misrepresentations concerning the value of his property in their filings in a foreclosure action in Wisconsin state court, and in an adversary proceeding filed in connection with Bernegger's Chapter 13 bankruptcy proceeding in the Eastern District of Wisconsin. He also claims that in their filings with the bankruptcy court, BancorpSouth and Bailey-Rihn defamed him by falsely accusing him of disposing of an asset. (Amend. Compl. ¶52.)

Under Wisconsin law, "witnesses are immune from civil liability for damages caused by false and malicious testimony . . . [including] statements made in pleadings, in affidavits or in open court . . . so long as the statements are relevant to the litigation." *Niedert v. Rieger*, 200 F.3d 522,

---

[2] As the movants note, Bernegger's claims also lack the particularity required by Rule 9(b), which requires that, "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). In general, however, failure to plead with particularity under Rule 9(b) results in dismissal without prejudice. Here, I conclude that the claims also fail on their merits, and warrant dismissal with prejudice for failure to state a claim under Rule 12(b)(6).

4

525 (7th Cir. 1999) (internal citation omitted); *Bergman v. Hupy*, 64 Wis. 2d 747, 749-51, 221 N.W.2d 898, 900-01 (Wis. 1974) ("Statements made during judicial proceedings and quasi-judicial proceedings are absolutely privileged when the statements bear a proper relationship to the issue, i.e., are relevant to the proceeding."). Here, statements concerning the value or disposal of Bernegger's property would clearly be relevant to the foreclosure and bankruptcy proceedings. Therefore, the defendants' representations to the state and bankruptcy courts fall within the privilege, and defendants are immune from claims of civil liability arising therefrom.[3] Accordingly, Bernegger's misrepresentation and defamation claims will be dismissed as to all defendants.[4]

**II. Constitutional Violations (Counts Six and Eight)**

Bernegger also claims that by making misrepresentations to the court, purchasing his property at below market value, and failing to notify either Bernegger or his attorney of a notice of confirmation hearing, the defendants denied Bernegger his right to due process under the Fourteenth Amendment. (Amend. Compl. ¶ 49.) However, "the protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights." *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (internal citation omitted); *see also U.S. v. Morrison*, 529 U.S. 598, 599 (2000) (holding that the Fourteenth Amendment "prohibits only state action, not private conduct.") Here, Bernegger has alleged no state action. At most, he claims the defendants misused

---

[3] Thus, to the extent that Bernegger claims that defendants engaged in mail fraud through the use of the United States mails to file the documents with the courts (Amend. Compl. ¶ 18), this claim too will be dismissed.

[4] "The Seventh Circuit has approved the practice of dismissing defendants who have not joined in a motion to dismiss when they are similarly situated to the moving defendants or where the claims against all the defendants are integrally related." *Mitchell v. Fairman*, 1996 WL 420294, *6, n.2 (N.D. Ill. 1996) (citing *Bonny v. The Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993)).

the foreclosure proceeding to obtain property at a reduced value. Private misuse of a state statute is not state action. *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 941 (1982); *see Tula Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988) ("Private use of state-sanctioned private remedies or procedures does not rise to the level of state action."). Therefore, Bernegger's claims, even if true, do not amount to a violation of the Fourteenth Amendment.

Likewise, Bernegger's claim that the defendants violated his constitutional rights under the Fifth Amendment alleges wholly private conduct, and necessarily fails. He alleges that defendants conspired together to allow WaMu to acquire his real property at a price significantly lower than its true market value, thereby taking his private property without just compensation. (*Id.* ¶ 54.) However, the Fifth Amendment, like the Fourteenth, protects only against government action. *Jones v. U.S. Dept. of Housing and Urban Development*, 46 F.3d 1133, 1994 WL 712614, *2 (7th Cir. 1994). Thus, Bernegger's claims regarding the purchase of his property by private parties do not state a claim for a violation of the Fifth Amendment.

Bernegger's claims alleging violation of his constitutional rights under the Fifth and Fourteenth Amendments will therefore be dismissed as to all defendants.

### III. Fair Debt Collection Practices Act (Count Nine)[5]

Bernegger claims that the defendants violated the FDCPA in several ways. With respect to the moving defendants, he alleges that BancorpSouth contacted him through unauthorized parties in violation of section 1962c(b) of the Act, which restricts a debt collectors' ability to communicate

---

[5] It appears Bernegger's amended complaint mistakenly labeled two causes of action "Count Eight." The court will refer to his final cause of action (¶¶ 56-63) as "Count Nine."

with third parties in connection with the collection of a debt. (Amend. Compl. ¶ 57.) He also claims that despite knowledge that Bernegger was represented by an attorney, BancorpSouth contacted him directly regarding his debt in violation of § 1692(a)(2). (Amend. Compl. ¶ 58-59.) He alleges that contrary to § 1692e(2) and (7), both BancorpSouth and Bailey-Rihn falsely represented the character, amount, or legal status of a debt, and made false representations or implied that he committed a crime or other conduct in order to disgrace him. (Amend. Compl. ¶¶ 60-61.) Finally, he claims BancorpSouth and Bailey-Rihn made use of false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of § 1692e(10). (Amend. Compl. ¶ 62.) These allegations are sufficient to state a claim.

BancorpSouth and Bailey-Rihn contend that the court should dismiss these claims, because the FDCPA does not govern the collection of commercial debts.[6] In support of this argument, they claim that Bernegger's bankruptcy counsel conceded the commercial nature of the debt in his answer to the adversary complaint filed with the bankruptcy court. (Br. Supp. 5, n. 4.) However, while it is true that the collection of business debt is not subject to the FDCPA, *see Miller v. McCall, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872, 874-75 (7th Cir. 2000), the nature of Bernegger's debt is an evidentiary issue not properly addressed in a motion to dismiss. A plaintiff's "admissions" in documents filed with a court are not matters of which the court may take judicial notice without converting the motion to dismiss into a summary judgment motion. *Travel All Over the World, Inc., v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430, n. 6 (7th Cir. 1996). I decline to so convert this motion.

---

[6] The FDCPA defines "debt" as "any obligation of a consumer to pay money arising out of a transaction of which the money, property, insurance, or services which are the subject of the transaction, are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

7

BancorpSouth and Bailey-Rihn claim that Bernegger's FDCPA claims nonetheless fail because the Act specifically excludes from the definition of "debt collector" any creditor attempting to collect its own debt.[7] (Br. Supp. 6.) According to BancorpSouth and Bailey-Rihn, "it is undisputed that any contact BancorpSouth had with Bernegger was as a result of it attempting to collect on its own debt." (*Id*.) Therefore, they contend, "any actions taken by BancorpSouth cannot form a basis for a FDCPA complaint." (*Id*.) However, this argument too raises evidentiary issues beyond the scope of the present motion. Bernegger alleges that both BancorpSouth and Bailey-Rihn "are acting as debt collectors." (Amend. Compl. ¶ 25.) Indeed there are some actions a creditor may not undertake for the purposes of collecting its own debt without subjecting itself to the FDCPA as a debt collector. 15 U.S.C. § 1692a(6); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002) (holding that when a creditor used another name in its debt collection efforts to suggest third party's involvement in such efforts, the creditor qualified as "debt collector" for purposes of FDCPA liability.) In addition, the movants do not address whether Bailey-Rihn acted as a debt collector with respect to any interaction she may have had with Bernegger. An attorney may qualify as a "debt collector," within the meaning of the Fair Debt Collection Practices Act (FDCPA) if her

---

[7] 15 U.S.C. § 1692a(6) provides, in relevant part,
The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

8

principal business is debt collection, or she regularly collect the debts of another. *Heller v. Graf*, 488 F. Supp. 2d 686, 691 (N.D. Ill. 2007). Therefore, the motion will be denied as to the claim under the FDCPA.

## CONCLUSION

For the reasons stated above, BancorpSouth and Bailey-Rihn's motion to dismiss is **GRANTED** in part and **DENIED** in part. Bernegger's claims of misrepresentation, defamation, mail fraud, and violations of his constitutional rights (counts one, two, three, five, six, seven, and eight of the amended complaint) are **DISMISSED** as to all defendants for failure to state claims upon which relief may be granted. Count four, a claim for unjust enrichment which does not name the moving defendants, and count nine, the FDCPA claim, remain. Once all of the defendants have been served and filed their responses or, alternatively, when the time to do so has expired, the clerk will set this matter for a Rule 16 telephone conference.

**SO ORDERED** this   29th   day of February, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge