# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

      Plaintiff,

  v.                                               Case No. 07-C-1028

WASHINGTON MUTUAL, F.A., et al,

      Defendants.

## ORDER DENYING MOTION TO STRIKE

Counsel for the defendants in this pro se action, commenced under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, stated in a letter accompanying the defendants' answer to plaintiff's amended complaint that plaintiff was continuing to list his address as E9592 Hickory Ridge Lane, New London, Wisconsin, even though that was the address from which he had been evicted as part of the foreclosure proceeding in the Circuit Court for Waupaca County out of which his FDCPA claim arose. Since plaintiff no longer resided at that address, counsel noted it was plaintiff's obligation to update his address and contact information in order to continue his action against the defendants. Apparently, the property actually foreclosed on was located at E9590 Hickory Ridge Lane, not E9592, and plaintiff is using a neighbor's address as his mailing address. Rather than simply notify the Court and counsel of the understandable error, given the similarity of the two addresses, however, plaintiff has filed a motion to strike counsel's letter as well as defendants' answer and affirmative defenses, on the ground that what appears to be at most a simple misunderstanding that has resulted in no harm is, in reality, a continuation of a pattern "whereby

Gray & Assoc. and their attorneys regularly submit false information to the courts, even in sworn affidavits, of play illegal tricks during court proceedings." (Doc. # 93, Br. Supp. Mot. to Strike at 2.) The motion will be denied.

Motions to strike are directed to pleadings, not enclosure letters. *See* Fed. R. Civ. P. 12(f). Since plaintiff's objection is directed to the contents of a letter, there is no basis to strike defendants answer and affirmative defenses under Rule 12. Moreover, motions to strike are intended to address "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* Nothing in counsel's letter falls within this class of matter that can be struck from a pleading under Rule 12(f). Finally, the relief plaintiff seeks, striking defendants' responsive pleading, presumably prefatory to a motion for a default judgment, is grossly disproportionate to any transgression counsel's letter could reasonably be construed to constitute. The mere fact that plaintiff would seek such relief suggests that, if any party should be sanctioned in this matter, it is he. For now, the motion to strike will simply be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to strike is **DENIED.**

Dated this     1st     day of December, 2008.

       s/ William C. Griesbach
William C. Griesbach
United States District Judge