# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

   Plaintiff,

 v.              Case No. 07-C-1028

GRAY & ASSOCIATES LLP, *et al.*,

   Defendants.

## DECISION AND ORDER DENYING
## MOTION FOR RELIEF UNDER RULE 60

This motion, under Federal Rule of Civil Procedure 60, stems from a lawsuit Peter M. Bernegger ("Bernegger") filed in 2007. After extensive motion practice and several hearings Bernegger's lawsuit terminated by summary judgment in late 2009. (Dkt. 205.) On January 28, 2010, the United States Court of Appeals for the Seventh Circuit granted the defendants' motion to dismiss the appeal based on Bernegger's "failure to timely file his opening brief and severe noncompliance with Rule 28(a)." *Peter M. Bernegger v. Gray & Assoc. LLP,* Seventh Circuit Case No. 09-3633, Order (Jan. 28, 2010). Bernegger now moves this Court for relief from all final orders and judgments. The motion will be denied.

## BACKGROUND

Bernegger filed his lawsuit against several financial institutions and their attorneys after the mortgage on his residential lot and home in New London, Wisconsin was foreclosed. He asserted claims for fraudulent and negligent misrepresentation, mail fraud, defamation, unjust enrichment,

abuse of process, deprivation of his constitutional rights, and violations of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1601, *et seq*., and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. The Court granted motions to dismiss which disposed of a majority of Bernegger's claims. (Dkt. 15 and Dkt. 81.) Bernegger's remaining claims were eventually dismissed on summary judgment. (Dkt. 187.) I awarded attorney's fees to defendants after concluding that Bernegger brought his lawsuit in bad faith and with the purpose to harass the defendants.

In the pending motion under Fed.R.Civ.P. 60, Bernegger repeats his claim that the plaintiff in the state court foreclosure action that led to the sheriff's sale of his residence somehow lacked standing to pursue that claim, and that the defendants in this case were somehow complicit in concealing this purported lack of standing. The main thrust of Bernegger's motion for reconsideration is that new state and federal investigations of the mortgage industry call into question the validity of the foreclosure of Bernegger's mortgage. Bernegger attaches several exhibits in an attempt to support his claims including: Wall Street Journal articles detailing ongoing investigations of fraudulent foreclosure practices, affidavits of former and current mortgage brokers, a partial credit report, a Wells Fargo mortgage document related to an unnamed borrower, and a list of representative clients of Gray & Associates, L.L.P. (Dkt. 211.) None of the materials he submits in support of his allegations of fraud and misconduct directly address the specific facts of his case.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 sets forth the procedures by which a party may obtain relief from a final judgment. It is not a substitute for appeal. *See Flett v. W.A. Alexander & Co.,*

302 F.2d 321 (7th Cir. 1962), *cert. denied*, 371 U.S. 841 (1963). Generally the cases interpreting Rule 60(b) have reflected the courts' preference for finality. *See* 11 Chares Alan Wright, Arthur R. Miller and Mary K. Kane, Federal Practice and Procedure § 2851 (2d ed. 1995). Courts exercise discretion when deciding Rule 60 motions. *Id.* at § 2857. Federal Rule of Civil Procedure 60(b) provides several grounds on which the motion may be based. The rule reads as follows:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

In addition, Fed. R. Civ. P 60(d) states that nothing in Fed. R. Civ. P 60 "limits a court's ability to set aside a judgment for fraud on the court."

**ANALYSIS**

Bernegger relies on three specific provisions of Federal Rule of Civil Procedure 60 in support of his motion for relief from this Court's final orders. This Court addresses each provision separately.

**1. Rule 60(b)(4) claim**

Rule 60(b)(4) authorizes relief from void judgments. Either a judgment is void or it is valid. *See* 11 Charles Alan Wright, Arthur R. Miller and Mary K. Kane, *Federal Practice and Procedure*

3

§ 2862 (2d ed. 1995). If the judgment is void this Court must grant Bernegger's Rule 60(b)(4) motion. If the judgment is valid, the Court cannot grant his motion. A judgment is not void merely because it is erroneous. It is void only if the court that rendered the judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law. *Swaim v. Moltan Co.,* 73 F.3d 711, 719 (7th Cir. 1996).

Here, the judgment is not void. Bernegger presents no compelling argument that this Court lacked jurisdiction. Indeed, it was Bernegger as plaintiff who invoked the jurisdiction of this Court. He presents no persuasive authority that this Court lacked legal authority to grant the judgment against him. Bernegger's suit alleged violations of his rights under the United States Constitution and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. This Court's jurisdiction properly rests on 28 U.S.C. §§ 1331, 1343 and 1367.

**2. Rule 60(b)(5) claim**

Bernegger relies on this last clause of Rule 60(b)(5) which allows relief from a judgment on the grounds that "applying [the judgment] prospectively is no longer equitable." Thus, Bernegger argues that it is no longer equitable to apply the judgment dismissing his suit and holding him responsible for attorneys' fees prospectively against him. Rule 60(b)(5) does not allow Bernegger to relitigate issues that have been resolved by the judgment. Rather he must show there is a change in conditions that makes continued enforcement of the judgment inequitable. *De Filippis v. U.S.,* 567 F.2d 341, 344 (7th Cir. 1977). Bernegger must show subsequent legislation, a change in decisional law, or a change in the operational facts.

Here, Bernegger does not point to any subsequent legislation or change in the law. Instead Bernegger contends there is new evidence. In support he relies on recent state and federal

4

investigations into the mortgage foreclosure industry in general. Bernegger fails, however, to directly connect these investigations to actions taken in relation to the foreclosure of his specific property. He offers at most inadmissible media accounts and hearsay evidence of misconduct or fraud in mortgage foreclosure actions in general but presents no evidence concerning the specific facts of his case. Conjecture is insufficient to create any meaningful connection between Bernegger's purported evidence and his allegations. The affidavits of Jeffrey Graham and Mitchell Fuchs, both of which are attached to Bernegger's motion, do not directly relate to Bernegger's loan; rather they discuss the relationship between Wells Fargo and Washington Mutual Home Loans. To the extent that such affidavits have any tendency to support Bernegger's false plaintiff theory, this Court has already considered, and rejected, that argument (Dkt. 187) and these affidavits add no new evidence.

### 3. Rule 60(d)(3) claim

Rule 60(d)(3) allows a court to set aside a judgment or order when there has been fraud upon the court. Courts have refused to invoke this concept in cases in which the alleged wrong was only between the parties in the case and involved no direct assault on the integrity of the judicial process. *Kenner v. Commissioner of Internal Revenue,* 387 F.2d 689 (7th Cir. 1968), *cert. denied* 393 U.S. 841 (1969). Here, Bernegger presents no evidence that any fraud was perpetrated upon this court or the judicial process.

### CONCLUSION

The federal rules do not afford plaintiffs numerous "do overs" to keep an otherwise doomed lawsuit alive. Bernegger had a full and fair opportunity to litigate his claims before this Court,

including several hearings and significant motion practice.  This Court must weigh the allegations in Bernegger's motion, and his supporting attachments, against the interest of judgment finality. Bernegger's motion for relief does not call into doubt this Court's jurisdiction.  Moreover, Bernegger's motion for relief is not supported by new law, new evidence, or any proof of fraud on the Court.

**THEREFORE, IT IS ORDERED** that defendants' motion for relief under Fed. R. Civ. P 60 is **DENIED.**

Dated this     27th     day of September, 2010.

     s/ William C. Griesbach
     William C. Griesbach
     United States District Judge